**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

SAMSON JEGEDE,

Petitioner,

v.

CONSTANCE REESE, and
IMMIGRATION AND NATURALIZATION
SERVICE,

Respondents.

Civil No. 01-238 (JRT/ESS)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner Samson Jegede's pro se application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1]. Respondent Constance Reese and Respondent Immigration and Naturalization Service ("INS") have filed an answer contending that the petition should be denied on the ground that the issues raised therein do not justify federal relief [Docket No. 5]. These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition for writ of habeas corpus be denied with prejudice.

**I. BACKGROUND**

Petitioner Samson Jegede pleaded guilty to conspiring to distribute, and to possess with intent to distribute, cocaine, cocaine base and methamphetamine, in violation of 21 U.S.C. § 846, and to money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(ii). United States v. Jegede, 163 F.3d 603, 1998 WL 553249 (8th Cir.(Minn.)) at **1. On January 9, 1998, Petitioner was sentenced to 110 months imprisonment and five years supervised release, which reflected a significant downward departure for substantial assistance. Id.; Petition, Docket No. 1, at 2.

FILED APR 16 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Petitioner filed a direct appeal, but the Court of Appeals for the Eighth Circuit affirmed his sentence. Id.

Pursuant to 28 U.S.C. § 2255, Petitioner filed a petition to vacate, set aside or correct his sentence on November 30, 1998. Petition at 3. He alleged that he had received ineffective assistance of counsel during plea negotiations and during sentencing. Id. The district court denied the petition, and both the district court and the Eighth Circuit rejected Petitioner's subsequent request for a certificate of appealability. Id.; see also Opposition of the United States, Docket No. 5, at 2.

Petitioner began the service of his sentence at the Federal Correctional Institution in Oxford, Wisconsin, and while there he participated in the Federal Bureau of Prisons Residential Drug Abuse Program. See Declaration of Mary A. Benning, Docket No. 7, at 2. A memorandum dated April 27, 1999, informed Petitioner of his provisional eligibility for early release under 18 U.S.C. § 3621(e). See id., Exhibit C. However, when Petitioner was transferred to the Federal Medical Center in Rochester, Minnesota (FMC Rochester), a review of his record revealed that Petitioner is a citizen of Nigeria, and prison authorities notified the INS of Petitioner's nationality. See id., Exhibit D and E. On May 12, 2000, a detainer was lodged against Petitioner, and a copy of the Detainer Action Letter was forwarded to Petitioner. See id., Exhibit G. On May 23, 2000, Petitioner was informed by prison authorities that as a result of the detainer being lodged, he was no longer eligible for community transitional services, and, as a consequence, he was no longer eligible for early release under § 3621(e). See id., Exhibit H.

Petitioner subsequently filed an application in the Eighth Circuit for permission to file a second or successive 2255 petition. He claimed that his guilty plea was involuntary because had he been advised by his attorney and by Assistant United States Attorney Jeffrey Paulsen that he

would not be deported to Nigeria if he pleaded guilty. See Petition and Memorandum in Support, Docket No. 6, Attachment 1. He further claimed that had he known at the time that he might be deported, he would not have pleaded guilty, but instead would have gone to trial. Id. The Eighth Circuit denied Petitioner's application on December 13, 2000.

Petitioner then filed the instant petition pursuant to 28 U.S.C. § 2241. He again contends that his guilty plea was unknowing and involuntary because he was not advised that he faced the prospect of being deported and was induced to plead guilty by a promise that he would not be deported. He asks that the INS be ordered to withdraw its detainer, that the one year reduction in sentence be restored, that he be allowed to remain in this country following the completion of his sentence, and, in the alternative, that his plea be withdrawn so that he may be allowed to go to trial.

## II. DISCUSSION

As discussed more fully below, the Defendants contend that this petition should be dismissed because it does not satisfy the requirements for attacking the lawfulness of a conviction or sentence that are found at 28 U.S.C. §§ 2244 and 2255. The Court agrees with the Defendants that Petitioner's claims should be dismissed, but the Court reaches this decision for different reasons. The Court will first address why the instant petition should not be construed as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The Court will then discuss why Petitioner is not entitled to habeas corpus relief pursuant to 28 U.S.C. § 2241.

### A. Exclusive Remedy

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. See United State v. Lurie, 207 F.3d 1075, 1077 (8th Cir.

2000), citing United States v. Hayman, 342 U.S. 205, 217 (1952). The fifth paragraph of § 2255 contains a limited exception to this general rule. This so-called "savings clause" provides that:

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

28 U.S.C. § 2255 (emphasis added).

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is clearly challenging the validity of his original conviction and sentence, and his habeas corpus petition is therefore subject to § 2255's exclusive remedy rule. Ordinarily, Petitioner's application for relief under § 2241 might simply be construed as a motion brought under § 2255. The matter could then be transferred to the trial court so that Petitioner's claims could be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because he has already done so twice before. Any § 2255 action that Petitioner might now attempt to maintain would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the

Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).[1]

Without a proper pre-authorization order from the appropriate Court of Appeals, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Because the Petitioner has not obtained a pre-authorization order from the Court of Appeals for the Eighth Circuit, a new § 2255 motion could not properly be entertained by the trial court at this time. Id. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this

---

[1] According to the final paragraph of 28 U.S.C. § 2255:

"A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

"(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. §2244(b)(3) (emphasis added).

matter to the court in which Petitioner was convicted.

Moreover, it appears that Petitioner has deliberately elected to file a § 2241 habeas corpus petition, rather than seeking relief under § 2255. As noted above, a writ of habeas corpus on behalf of a federal prisoner may issue under 28 U.S.C. § 2241 only if it appears that a motion under § 2255 is "inadequate or ineffective to test the legality" of his detention. Lurie, 207 F.3d at 1077, citing 28 U.S.C. § 2255. Petitioner in fact contends that he is entitled to file a § 2241 habeas corpus petition pursuant to the so-called "savings clause" of § 2255 because he is challenging the legality of an INS detainer, and § 2241 is the appropriate avenue for making such a challenge. See Petition at 12. He apparently has concluded that his latest post-conviction claims must be addressed on the merits in some federal court proceeding, and if the trial court cannot do so in a § 2255 proceeding, then he must be allowed to seek relief under § 2241.

The Defendants contend, however, that Petitioner's challenge to the lawfulness of his conviction should be construed as a second or successive motion for relief pursuant to 28 U.S.C. § 2255. Defendants further contend that the petition should be dismissed because it does not comply with the "gatekeeping" requirements for such petitions of pre-authorization by the appropriate court of appeals. Defendants also point out that the Eighth Circuit has previously denied Petitioner permission to file a successive petition raising the same challenge to his conviction that he raises now.

As noted above, the Court has determined that it would be inappropriate to construe the present habeas corpus petition as a § 2255 motion. The Court will therefore address Petitioner's contention that the savings clause of § 2255 applies to his petition. In addition, the Court notes that the Eighth Circuit's denial of Petitioner's application for permission to file a second or successive § 2255 motion was a one sentence judgment that did not reach the merits of

Petitioner's claims. Thus, the Court can infer only that the Eighth Circuit determined that Petitioner's application did not satisfy the narrow grounds for permission to file a second or successive § 2255 motion. That is, that court determined that Petitioner had not presented newly discovered evidence sufficient to establish by clear and convincing evidence that no factfinder would have found Petitioner guilty of the offense; or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See 28 U.S.C. § 2255.

B. Inadequate or Ineffective

To address Petitioner's contention that § 2255 is inadequate or ineffective to contest the legality of his detention, the Court must consider what is meant by "inadequate or ineffective." The courts have not "thoroughly defined" what is meant by "inadequate and ineffective," see Lurie, 207 F.3d at 1077, but the courts have found a remedy under § 2255 to be inadequate and ineffective "only in extremely limited circumstances." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000), quoting Caravallo v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). In fact, the savings clause of § 2255 is frequently defined by what it is not.

It is clear that Petitioner cannot contend that any prisoner whose § 2255 claims were procedurally barred could bring his claims in a § 2241 habeas corpus petition. The rules barring successive § 2255 motions would be rendered meaningless if any prisoner whose claims had been procedurally defaulted could simply contend that the remedy provided by § 2255 had become "inadequate or ineffective" and that he was therefore entitled to bring his claims in a § 2241 habeas corpus action. Congress could not have intended for the rules governing procedural default to be so easily evaded.

Thus, the Eighth Circuit has held that § 2255 will not be viewed as inadequate or

ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." Lurie, 207 F.3d at 1077 (citations omitted). Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 528 U.S. 1176 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

Several circuits have devised tests for determining when a § 2255 motion is inadequate or ineffective in response to claims that arose following the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). In Bailey, the Court conducted a statutory analysis of 18 U.S.C. § 924(c)(1), which prohibited the "use" of a firearm during and in relation to a drug trafficking offense. The Court, in reversing a decision of the Court of Appeals for the District of Columbia, concluded that the term "use" requires a showing of active employment of the firearm, and not mere possession. 516 U.S. at 144. The Bailey decision also overturned the

prevailing law in other circuits. Thus, many prisoners convicted under the then prevailing understanding of 18 U.S.C. § 924(c)(1) were left in the position of one of the petitioners in In re: Davenport, 147 F.3d 605 (7th Cir. 1998), namely, having "a claim of being held in prison for a nonexistent crime." Davenport, 147 F.3d at 610.

In Davenport, the Seventh Circuit noted that the petitioner could not have raised the issue that "use" does not include merely possessing a firerm in his first § 2255 motion because the law of the circuit was firmly against that position. Id. The petitioner also could not have used a second or successive § 2255 motion to obtain relief because the basis for that relief was neither newly discovered evidence nor a new rule of constitutional law. Id. Thus, the court found that the savings clause of § 2255 applied to petitioner's circumstances and held that, "A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." Id. at 611 (emphasis added). Relief under § 2255 is not inadequate or ineffective unless a change in the law following conviction and direct appeal has been made retroactive by the Supreme Court. Id.

The other circuits that have addressed the savings clause in the context of Bailey claims have formulated similar tests. In In re Jones, 226 F.3d 328 (4th Cir. 2000), the court held that § 2255 is inadequate and ineffective to test the legality of a conviction when at the time of the conviction settled law of the circuit or the Supreme Court established the legality of the conviction; subsequent to the prisoner's direct appeal and first § 2255 motion the law changed such that the conduct of which the prisoner was convicted was no longer deemed to be criminal; and the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. Jones, 226 F.3d at 333-34; see also Reyes-Requena v. United States,

243 F.3d 893, 904 (5th Cir. 2001) (the savings clause of § 2255 applies to a claim based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a non-existent offense that was foreclosed by circuit law at the time of petitioner's trial, appeal, or first § 2255 motion); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (same); In re Hanserd, 123 F.3d 922, 930 (6th Cir. 1997) (a federal prisoner "barred by res judicata" would have an inadequate or ineffective remedy under § 2255 and therefore be entitled to proceed under § 2241). The Second Circuit held that the savings clause applied only when failure to permit a remedy would "raise serious constitutional questions," Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997), but other circuits have criticized that approach as too indefinite. See Reyes-Requena, 243 F.3d at 903, n.28; Davenport, 147 F.3d at 611.

The circuits that have addressed the savings clause in a non-Bailey context have devised similar tests for determining when the savings clause applies. See e.g. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (§ 2255's savings clause applies when a retroactively applicable Supreme Court decision that establishes that the prisoner was convicted of a non-existent crime, and circuit law foreclosed such a claim at trial, appeal or first § 2255 motion). Other courts have noted that a prisoner barred from filing a successive § 2255 motion may be able to file a habeas petition pursuant to § 2241 upon a "valid claim of actual innocence." See Cooper v. United States, 199 F. 3d 898, 901 (7th Cir. 1999); see also United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001), cert. denied 122 S.Ct. 493 (in order to take advantage of the savings clause and use § 2241, a prisoner must claim that there has been an intervening change in the law that establishes his actual innocence). The Eighth Circuit has not answered the question of precisely what entitles a petitioner to access to the savings clause, but it has stated that "more is required than demonstrating there is a procedural barrier to bringing a § 2255 motion." Lurie, 207 F.3d at

1077.

These standards for determining when a § 2255 motion is inadequate or ineffective to test the legality of a petitioner's detention are not expressed in identical terms. However, as the Fifth Circuit noted in its review of the standards of each circuit, most circuits require either a showing of a retroactive change in the law or actual innocence for the savings clause to apply. See Reyes-Requena, 243 F.3d at 903. Petitioner's claims do not fall within any arguable construction of these standards. He makes no claim of actual innocence, and he is not seeking to correct a fundamental defect in his conviction or sentence because of a change in the law following his first § 2255 motion. Rather, he is making a claim of changed circumstance, namely that an INS detainer was placed on him following his first § 2255 motion and following assurances during plea negotiations that he would not be deported. He has not been convicted of a non-existent crime. He has had a reasonable opportunity to challenge his sentence on direct appeal, and he raised an ineffective assistance of counsel claim in his first § 2255 motion. Furthermore, the Court notes that while Petitioner claims that he would not have pleaded guilty had he not received assurances that he would not be deported, the possibility of deportation or even Petitioner's immigration status do not appear in the written plea agreement. See Docket No. 6, INS Exhibit D. Courts are to construe written plea agreements within their four corners without regard to external agreements. United States v. Ortiz-Santiago, 211 F.3d 146, 151 (1st Cir. 2000). In addition, Petitioner testified at his plea hearing that apart from the written plea agreement, no one had made any promise or assurance in an effort to get him to plead guilty. See Docket No. 6, Attachment 3.

No court has held that under such circumstances the remedy under § 2255 is inadequate or ineffective to test the legality of a conviction. Recognizing that the savings clause applies

"only in extremely limited circumstances," the Court declines to find that it applies here. As a consequence, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241.

C. The INS Detainer

Petitioner also attacks the validity of the INS detainer and the resulting loss of a one year reduction in his sentence. While a challenge to the execution of a sentence is properly brought pursuant to 28 U.S.C. § 2241, see Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995), the Court does not have jurisdiction to consider a habeas corpus petition where the petitioner is not in the custody of the Respondent. See Sabhari v. Reno, 197 F.3d 938, 941 n.6 (8th Cir. 1999). An INS detainer does not constitute INS custody of a prisoner. Campillo v. Sullivan, 853 F.2d 593, 595-96 (8th Cir. 1988), cert. denied, 109 S. Ct. 2105 (1989). Therefore, Petitioner, who is currently in the custody of the Bureau of Prisons ("BOP"), may not challenge the detainer "by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement." Id. at 595. The Court does not have jurisdiction to consider Petitioner's challenge to the INS detainer, and his petition should be denied.

Furthermore, Petitioner's challenge to the loss of a one year sentence reduction should also be denied. As noted above, Petitioner was informed of his provisional eligibility for early release under 18 U.S.C. § 3621(e).[2] See Declaration of Mary A. Benning, Docket No. 7, Exhibit C. He was also informed that his eligibility for early release might be lost for failure to complete community drug treatment transitional services. Id. After the INS detainer was lodged,

---

[2] This statute authorizes the BOP to reduce an inmate's sentence upon successful completion of a substance abuse program.

Petitioner was no longer eligible for these services, and, as a result, he was no longer eligible for early release. See Declaration of Mary A. Benning, Docket No. 7, Exhibit H.

Petitioner contends that the BOP improperly withdrew his eligibility for a sentence reduction as a result of the detainer. The BOP, however, has broad discretion to determine which individuals are eligible for early release under 18 U.S.C. § 3621(e)(2), and to adopt appropriate regulations. Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999). The statutory language does not mandate that the BOP grant a sentence reduction to any particular inmate, and eligibility for the reduction does not create an entitlement to a reduced sentence. Id. Moreover, prison officials can consider an INS detainer in assessing a prisoner's security and custody classification. Mohammed v. Sullivan, 866 F.2d 258260 (8th Cir. 1989). Thus, the BOP's decision to revoke Petitioner's eligibility for a sentence reduction was within its discretion, and Petitioner is not entitled to the relief he seeks.

## III. CONCLUSION

Pursuant to 28 U.S.C. § 2241, petitioner is seeking habeas corpus relief from an INS detainer. To be eligible for this relief, however, Petitioner must demonstrate that a motion brought pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. Following a review of the standards of the courts of appeals for determining when a § 2255 motion is inadequate or ineffective, the Court finds that Petitioner does not qualify for this so-called savings clause. Furthermore, as Petitioner is not in the custody of the INS, the Court does not have jurisdiction to consider his challenge to the detainer lodged against him. Therefore, Petitioner is not entitled to habeas corpus relief, and his petition should be dismissed with prejudice.

## IV. RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] be **DENIED**;

2. Petitioner's motion for status and expedited hearing [Docket No. 9] be **DENIED** as moot; and

3. This action be **DISMISSED WITH PREJUDICE**.

Dated: April 16, 2002

E. S. SWEARINGEN
United States Magistrate Judge