**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SAMSON JEGEDE,

Petitioner,

v.

CONSTANCE REESE, Warden;
and
IMMIGRATION AND
NATURALIZATION SERVICE,

Respondents.

Civil No. 01-238 (JRT/ESS)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

---

Samson Jegede, #07582-041, Federal Medical Center, PMB 4000, Rochester, MN 55903-4000, *pro se*.

Jeffrey S. Paulsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for respondents.

This matter is before the Court on petitioner's objections to the report and recommendation of United States Magistrate Judge E. Skipworth Swearingen dated April 16, 2002, in which he recommends that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the report and recommendation of the Magistrate Judge and denies petitioner's § 2241 petition.

FILED ____ 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ____
DEPUTY CLERK ____

## BACKGROUND

Petitioner pleaded guilty to conspiring to distribute and to possess with the intent to distribute, cocaine, cocaine base and methamphetamine in violation of 21 U.S.C. § 846, and to money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(ii). On January 9, 1998, the district court sentenced petitioner to 110 months imprisonment and five years supervised release, which reflected a significant downward departure for substantial assistance. Petitioner filed a direct appeal, but the Court of Appeals affirmed his sentence. *United States v. Jegede*, No. 98-1662, 1998 WL 553249 (8th Cir. Aug. 31, 1998) (unpublished opinion). On November 30, 1998, petitioner filed a motion under 28 U.S.C. § 2255, alleging that he had received ineffective assistance of counsel during plea negotiations and during sentencing. The district court denied the petition on December 7, 1999, and both the district court and the Eighth Circuit subsequently rejected petitioner's request for a certificate of appealability.

Petitioner began service of his sentence at the Federal Correctional Institution in Oxford, Wisconsin, and while there he participated in the Federal Bureau of Prisons Residential Drug Abuse Program. On April 27, 1999, petitioner received a provisional notification of eligibility for early release under 18 U.S.C. § 3621(e).[1] On May 2, 2000,

---

[1] The notification letter expressly states:

> Please be reminded that your eligibility for this early release is provisional and may be lost for a variety of reasons, including the following:
>
> Failure to successfully complete the Institution's Residential Drug Abuse Treatment Program and subsequent Institutional and/or Community Transitional Drug Treatment Services through expulsion, withdrawal or failure . . . .

petitioner was transferred to the Federal Medical Center in Rochester, Minnesota, for further service of his federal sentence. A review of his record revealed that petitioner is a citizen of Nigeria, and prison authorities notified the Immigration and Naturalization Service ("INS") of petitioner's nationality. On May 12, 2000, a detainer was lodged against petitioner and a copy of the Detainer Action Letter was forwarded to petitioner. On May 23, 2000, petitioner was informed by prison authorities that as a result of the detainer being lodged, he was no longer eligible for community transitional services, and, as a consequence, he was no longer eligible for early release under § 3621(e).

On September 19, 2000, petitioner filed an application with the Eighth Circuit for permission to file a second or successive petition under § 2255. He claimed that his guilty plea was involuntary because he allegedly had been advised by his attorney and by Assistant United States Attorney Jeffrey Paulsen that he would not be deported to Nigeria if he pleaded guilty. He further claimed that had he known at the time that he might be deported, he would not have pleaded guilty, but instead would have gone to trial. The Eighth Circuit denied petitioner's application on December 13, 2000.

Thereafter petitioner submitted the current federal habeas petition pursuant to 28 U.S.C. § 2241. He seeks to challenge his conviction on the same ground he raised in his motion to file a second collateral petition under § 2255, namely, that his guilty plea was unknowing and involuntary because he was not advised that he faced the prospect of being deported and was induced to plead guilty by a promise that he would not be deported. He claims he received ineffective assistance of counsel as a result. Petitioner also challenges the validity of the INS detainer lodged against him and claims that this

challenge is properly before the Court under § 2241. For relief, petitioner asks that the INS be ordered to withdraw its detainer, that the one year reduction in his sentence be restored, that he be allowed to remain in this country following completion of his sentence and, in the alternative, that his plea be withdrawn so that he may be allowed to go to trial.

In a report and recommendation dated April 16, 2002, the Magistrate Judge concluded that because petitioner failed to show that his remedy under § 2255 is inadequate or ineffective, he cannot bring the current motion under § 2241. He further concluded that petitioner could not challenge the validity of the INS detainer because he is not yet in the custody of the INS. Finally, the Magistrate Judge concluded that the BOP's decision to revoke petitioner's eligibility for sentence reduction was within the BOP's broad discretionary power to determine which individuals are eligible for release and to adopt appropriate regulations. For these reasons, he recommended that the petition be denied. Petitioner then submitted his objections to the report and recommendation, to which the Court now turns.

## DISCUSSION

### I. § 2255 vs. § 2241

It is well established that, as a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). A petition under § 2241 is a viable option for a federal prisoner only if it appears that the remedy by motion is inadequate or ineffective

to test the legality of his detention. *Id.* This requirement stems from the so-called "savings clause" of 28 U.S.C. § 2255.[2] Should a petitioner fail to show that the remedies available under § 2255 are unavailable or ineffective, the petitioner does not retain § 2241 litigation as an option. *Von Ludwitz v. Ralston*, 716 F.2d 528 (8th Cir. 1983). "The petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). This inadequacy and ineffectiveness cannot arise merely from the fact that relief under § 2255 is unavailable because petitioner does not meet the requirements to file a second or successive § 2255 motion. *Id.* at 452-453.

In this case, although petitioner frames his petition as one arising under § 2241, it is clear that petitioner's Sixth Amendment claim that his guilty plea is involuntary because of alleged misrepresentations made to him during plea negotiations concerning his immigration status is a challenge to his original conviction and thus subject to the rules set forth under § 2255. The law concerning "second or successive" petitions under § 2255 is well settled. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must first obtain permission from the appropriate court of

---

[2] This section provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

(Emphasis added.)

appeals before a district court can entertain a second or successive petition. 28 U.S.C. § 2244(b)(3)(A); *Vancleave v. Norris*, 150 F.3d 926 (8th Cir. 1998); *United States v. Eggleston*, No. 01-3658, 2002 WL 57265 at *1 (8th Cir. Jan. 16, 2002) (unpublished opinion). "Th[is] rule is absolute." *Boykin v. United States*, No. 99-3369, 2000 WL 1610732 at *1 (8th Cir. Oct. 30, 2000) (unpublished opinion) (vacating judgment and remanding case to district court to dismiss for lack of jurisdiction). The standards for obtaining certification of a second or successive § 2255 petition are as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has failed to show that his motion fulfills the criteria set forth above. Indeed, the Eighth Circuit has already denied petitioner permission to file a successive petition raising the same challenge to his conviction as he raises now.

Nonetheless, petitioner argues forcefully in his objections that his current action is not a "second and successive" petition but rather a novel claim that need not be authorized by the Eighth Circuit before the district court may adjudicate it. Specifically, he argues that since he was unaware of the possibility that he could be deported to Nigeria (due to the alleged duplicity of his attorney and the prosecutor) at the time of the filing of his initial § 2255 petition, it would be unfair to consider the present action to be second or successive. This argument fails. Although there are circumstances in which a

court may find that a numerically second petition is not "second or successive" for purposes of § 2255,[3] none of the circumstances exist here. The first petition was denied on the merits, and, as already determined by the Court of Appeals, petitioner has not satisfied either of the standards set forth above for permitting a second or successive petition.[4] In sum, petitioner's current litigation appears to be an attempt to circumvent the Eighth Circuit's denial of his request to file a second or successive petition. The case law discussed above clearly bars the district court from deciding a case in a situation where the motion to the appropriate court of appeals has been denied.

Petitioner also fails to satisfy the specialized circumstances found in the "savings clause" of § 2255 which might allow petitioner to seek relief under § 2241. No evidence is presented suggesting that all forms of relief under § 2255 are inadequate or ineffective as those terms have been interpreted by relevant caselaw. *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893 , 904 (5th Cir. 2001); *Cooper v. United States*, 199 F.3d 989, 901 (7th Cir. 2001). In fact, petitioner does not directly object to the finding of the Magistrate Judge that he has not demonstrated that the

---

[3] For instance, "a numerically second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits." *Pratt v. United States*, 129 F.3d 54, 60 (1st Cir. 1997). Additionally, if a petitioner's earlier § 2255 motion was denied because of procedural default or failure to exhaust state remedies, good arguments exist not to consider the new motion to be "second or successive." *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998).

[4] In addition, petitioner does not suggest that at any point he was unaware of his own immigration status. Indeed, according to his own petition, he states that he obtained the alleged assurances from counsel and the government in direct response to his concerns about deportation. Although he claims that the prosecutor stated that he would not be deported, nothing about his immigration status or deportation appeared in the plea agreement. The documents are interpreted within their four corners without regard to external agreements. *United States v. Ortiz-Santiago*, 211 F.3d 146, 151 (1st Cir. 2000).

relief available under § 2255 is "inadequate and ineffective." Rather, he devotes more energy arguing that his petition is not second or successive. The requirement set forth in the "savings clause" of § 2255 stands as a firm bar to any action under § 2241 that fails to demonstrate the inadequacy of alternative relief. Petitioner has not demonstrated that relief under § 2255 is "inadequate or ineffective," and therefore § 2241 is unavailable to him. *Hernandez v. Lamanna*, No. 00-3947, 2001 WL 861742 at *2 (6th Cir. June 20, 2001).

## II. INS Detainer

Petitioner's challenge to the validity of the INS detainer lodged against him also fails for the reasons stated by the Magistrate Judge. The Eighth Circuit has held that the filing of an INS detainer does not equate to being in custody with the INS. *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988) ("The filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petitioner for a writ of habeas corpus.").

## III. Sentence Reduction

Finally, with respect to petitioner's challenge of the BOP's determination that he is ineligible to receive a sentence reduction in light of the detainer, the Court agrees with the Magistrate Judge that the BOP's determination on this issue was within its discretion.

**ORDER**

Based on the foregoing, the submissions, of the parties, and all of the files, records, and proceedings therein, the Court **OVERRULES** petitioner's objections to the Report and Recommendation [Docket No. 11] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 10]. **IT IS HEREBY ORDERED** that petitioner's habeas corpus petition under 28 U.S.C. § 2241 [Docket No. 1] is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 26, 2002
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge