**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

SAMSON JEGEDE,

Petitioner,

v.

CONSTANCE REESE, Warden; and IMMIGRATION AND NATURALIZATION SERVICE,

Respondents.

Civil No. 01-238 (JRT/ESS)

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS***

---

Samson Jegede, #07582-041, Federal Medical Center, PMB 4000, Rochester, MN 55903-4000, *pro se*.

Jeffrey S. Paulsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for respondents.

On July 26, 2002, this Court denied Samson Jegede's 28 U.S.C. § 2241 motion. Jegede filed an application to proceed *in forma pauperis* on appeal, and a motion for a hearing on that application. For the reasons set forth below, the Court grants petitioner's application, and denies his motion for a hearing.

Section 1915, Title 28 United States Code governs a district court's *in forma pauperis* determination. The grant of pauper status for purposes of appealing the denial

FILED JAN 06 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

of habeas relief requires a court to determine both that the applicant is unable to pay the required filing fee and that the appeal is taken in good faith. With respect to the determination of the petitioner's ability to pay, the fee requirements of the Prison Litigation Reform Act do not apply to cases or appeals brought under the habeas corpus statutes, therefore the Court applies 28 U.S.C. § 1915(a)(1) to authorize an appeal to go forward without prepayment of fees. *See Malave v. Hedrick*, 271 F.3d 1139 (8th Cir. 2001).

Upon review of the certificate of indigency submitted by petitioner, the Court concludes that the petitioner is unable to pay the required filing fee. At the time petitioner submitted his affidavit the balance in his account was $43.88. His average per month balance for the past six months was $55.78. Although $334.68 has been deposited to petitioner's account over the last six months, he has no current source of income.

Finally, the Court finds that petitioner's appeal is not brought in objective bad faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (announcing standard for bad faith). Therefore, the Court grants the application.

**ORDER**

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings therein, **IT IS HEREBY ORDERED** that:

1. Petitioner's application to proceed *in forma pauperis* [Docket No. 16] is **GRANTED**; and

2. Petitioner's motion for a hearing on his application [Docket No. 17] is **DENIED as moot**.

DATED: Jan 3, 2003
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge